UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DUSTIN GRIZZELL, )
)
Plaintiff, )
)
v. ) Case No.: 22-300-JPG
)
WILLIMANSON COUNTY JAIL et. al, )
)
Defendant, )
)

MOTION FOR JURY TRIAL
RELIEF OF DAMAGES AND INJURIES
UNDER 42 U.S.C. SEC 1983

Now comes, DUSTIN R. GRIZZELL, hereafter known only as Plaintiff, proceeding as a pro-se litigant respectfully submits this MOTION FOR JURY TRIAL of Relief of Damages and Injuries under 42 U.S.C. Sec 1983 and under STATE LAW, TORT of NEGLIGENT.

All parties that are Defendants will be sued in their individual and official capacity and acted under the color of the law.

INTRODUCTION

This is a civil rights action by a federal detainee who is a pro-se litigant for damages and injunctive relief under 42 U.S.C. (Sec1983) alleging violation of his Fourteenth Amendment Rights.

1

## JURSIDICTION

This court has jurisdiction over the Plaintiffs claim of violation of Federal Constitutional rights under 42 U.S.C. § 1331(1) and 1343.

This court has supplemental jurisdiction over the Plaintiffs state law tort claims under 42 U.S.C. Sub Sec 1367.

## PLRA COMPLIANCE

In accordance with 42 U.S.C. § 1997 e(a) this Plaintiff did attempt to exhaust all his remedies available. He requested next step grievances, however this Plaintiff will prove his attempt to exhaust said remedies and can demonstrate that the remedy was not available and the Plaintiff can *NOT* exhaust remedies that are *NOT* available to him. Most court, as this one, should agree that a remedy may be made unavailable by the acts of Williamson County Jail or omissions of Williamson County Jail personnel; as well they have held that threats of physical assaults directed at preventing the Plaintiff from complaining may make the remedies unavailable.

## DEFENDANTS

**(All Defendants acted under the color of state law and are sued in their individual and official capacities)**

**Defendant 1(Entity)**
Williamson County Jail
404 W. Van Buren
Marion, IL 62959

**Defendant 5 (Sergeant)**
_____ Crowson
404 W. Van Buren
Marion, IL 62959

**Defendant 2 (Sherriff)**
Benny Vic
404 W. Van Buren
Marion, IL 62959

**Defendant 3 (Chief)**
Todd Hunter
404 W. Van Buren
Marion, IL 62959

**Defendant 4 (Lieutenant)**
Dennis Pinkerton
404 W. Van Buren
Marion, IL 62959

**Defendant 6 (Doctor)**
John Doe
404 W. Van Buren
Marion, IL 62959

**Defendant 7 (Nurse)**
Marilyn Reynolds
404 W. Van Buren
Marion, IL 62959

## STATEMENT OF FACTS

Plaintiff was, at the time that he was held in Williamson County Jail (hereafter known as WCJ) per contract with the United States Marshall Service, a pre-trial detainee. WCJ has a contract, a "duty of care" owed to the Plaintiff – its breach said contract and violated his constitutional rights. In so it WCJ, named Defendant it affected <u>atypical and significant hardship</u> on the Plaintiff by holding the Plaintiff without proper ventilation and denied him proper medical care and thus, as a direct result of ALL Defendants <u>named</u> wrongful conduct. Plaintiff suffered and continues to suffer great pain of mind and body, shock, emotional distress, humiliation and loss of enjoyment of life, was prevented and will continue to be prevented from performing his daily activities and from obtaining full employment in the future and from preforming his daily activities. He will suffer sustained loss of earning and will continue to incur expenses for medical and psychological treatment, therapy and counseling.

Ventilation and sanitation is a fundamental attribute of "shelter" and both are basic Eighth Amendment concerns.

*See:* Minifield v. Butikofer, 298 F. Supp 2d 900, (N.D. Cal 2004).

Many courts have upheld that inadequate ventilation violates the Eight Amendment or contributes to an unconstitutional combination of condition.

*See:* Benjamin v. Fraser, 343 F. 2d 35, 52 (2d Cir. 2003)

On or around May of 2021, Plaintiff was placed in a unit known as the "hole." There was no "due process," he was placed there as retaliation of speech, a violation of the First Amendment. Plaintiff was complaining and asked for grievance form, since his kiosk access was denied; he needed a "paper form." He was being denied his inhaler as well as his bottom bunk pass. Defendant Doe and Reynolds both refused him medical care for his breathing condition, his mother's statement will show she brought his inhaler for breathing and they refused to give him the inhaler and the bottom bunk.

Plaintiff has a history of being in a car accident suffering from many rods, pins and plates holding his leg together, as well as restrictive airway disease.

While in the hole "F" block, Plaintiff requested by "kicking the door" to alert staff that the air was "off" and he could not breath.

Camera footage will show this and that staff needed to and should have respond to the Plaintiff "acting out" trying to get medical care – and air. Three times the Plaintiff "passed out," fell and hit his head, one very serious, caused a contusion to his head.

Defendant Hunter, Pinkerton and Crowson responded to the Plaintiffs pleas for medical care and for air affirm his breathing was serious and labored and he was covered in sweat. Cell temperatures were 90 plus degrees at times and for someone with a preexisting medical condition such as respiratory ailments is a neglect of "duty of care" and a violation to his constitutional rights.

Defendant(s) that are named, Hunter, Pinkerton and Crowson responded to the Plaintiffs please and request for grievance with indifference. Defendant Hunter said "If you do not shut your mouth about Fxxxxxx grievances and complaining, I am personally going to come in your cell and shut you up for good."

My attorney of record was called that Monday and a record of phone calls will show I reported the threats I received from Defendant Crowson.

Defendant named inflicted cruel and unusual punishment when they failed to provide the Plaintiff "shelter which does not" cause his degeneration or threaten his mental and physical wellbeing. It is a fact that no air – ventilation functioning combined with the 90 plus degree temperature of cell does constitute a violation of his constitutional rights.

Since prisoners cannot obtain their own medical services, the constitution requires prisons – jail authorities to provide them with "reasonable adequate medical care."

Defendants Doe and Reynolds violated Plaintiffs rights when they refused his requests in the hole to treat him for heat exhaustion – difficulty breathing, shortness of breath and stomach sickness. Nurse Reynolds denied him medical care when she refused to give him the form to officially request care.

Furthermore Doe and Reynolds both were aware of his inhaler and refused to give hi his or order a new one.

Doe and Reynolds refused to give him permission for a bottom bunk and made him climb up a ladder to sleep on the top bunk which caused additional pain and permanent damage when he tore something when he fell getting down out of bed.

**DAMAGES**

5

Wherefore, the Plaintiff requests that the court GRANT the following relief:

I. Declare that Defendant(s) Hunter, Pinkerton, Crowson, Doe and Reynolds breached their duty of care and that breach of duty approximately caused those damages.

II. Issue an injunction requiring WCJ to fix the air in "F" block.

III. Issue and use an injunction requiring the Bureau of Prisons to obtain mental health treatment and care.

IV. Issue and use an injunction requiring the Bureau of Prisons to obtain a medical evaluation of Plaintiffs lungs and respiratory system.

V. Award compensatory damages in the amount of:

   a. $100,000.00 dollars jointly and severely against WCJ
   b. $100,000.00 dollars jointly and severely against all remaining defendants.

VI. GRANT relief as this court sees fit.

Pursuant to U.S.C. Sub Sec 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

/s/ _Dustin Grizzell_
Dustin Grizzell

/D/ 2-16-2022

Dustin Grizzell
#17994-509
FCI Greenville
P.O. Box 5000
Greenville, Illinois
 62246



U.S. District Court
Southern District of Illinois
Attn: Clerk of Court
750 Missouri Avenue
East St. Louis, Illinois
 62201


