IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DUSTIN R. GRIZZELL, ) | |
| #17994-509, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-00300-JPG |
| ) | |
| WILLIAMSON COUNTY JAIL, ) | |
| SHERIFF BENNY VIC, ) | |
| CHIEF TODD HUNTER, ) | |
| LT. DENNIS PINKERTON, ) | |
| SERGEANT CROWSEN, ) | |
| DR. JOHN DOE, and ) | |
| NURSE MARILYN REYNOLDS ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Dustin Grizzell brings this action pursuant to 42 U.S.C. § 1983[1] for deprivations of his rights under federal and state law while he was on a federal holdover at Williamson County Jail ("Jail"). In the First Amended Complaint, Plaintiff claims he was placed in the "hole" in retaliation for requesting his inhaler and low bunk pass. (Doc. 7, pp. 1-11). As a result of the conditions in the hole, Plaintiff suffered an asthma attack and heat exhaustion. (*Id*.). He brings claims against the defendants for violations of his rights under the Fourteenth and/or Eighth Amendment and Illinois law. (*Id*.). He seeks monetary and injunctive relief.[2] (*Id*. at 11).

---

[1] Although Plaintiff states that he was on a federal holdover at the Jail, he correctly brought this action pursuant to 42 U.S.C. § 1983 against employees of the Jail because the defendants are state actors. *Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013).

[2] Plaintiff seeks an order requiring: (a) Williamson County Jail to repair the air conditioning; (b) FCI-Greenville to send him for mental health treatment; and (c) FCI-Greenville to evaluate his respiratory issues. Plaintiff is not housed at Williamson County Jail, so his request for injunctive relief as it pertains to conditions at the Jail is **DISMISSED** without prejudice. His request for injunctive relief at FCI-Greenville is also **DISMISSED** without prejudice because this case involves no claims against official at that facility.

1

The First Amended Complaint is subject to review under 28 U.S.C. § 1915A.  Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a).  Any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### First Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 7, pp. 3-11): Plaintiff suffers from lingering effects of an automobile accident that occurred before his detention at Williamson County Jail.  He is diagnosed with restrictive airway disease, necessitating the use of an inhaler, and lingering musculoskeletal injuries, requiring a low bunk permit.  (*Id*. at 4).

While on a federal holdover at the Jail in May 2021, Plaintiff requested an inhaler and a bottom bunk pass.  His mother actually delivered his inhaler to the Jail.  Even so, Nurse Marilyn Reynolds and Dr. John Doe denied both requests.  Plaintiff was required to breathe in poorly ventilated spaces and fell from a ladder while climbing to his top bunk.  (*Id*.).

When Plaintiff requested access to the electronic kiosk and/or grievance forms to file a complaint, he was instead placed in a unit known as the "hole," where temperatures exceeded 90° Fahrenheit with no air conditioning and poor ventilation.  (*Id*.).  Plaintiff developed breathing difficulties and heat exhaustion.  In an attempt to alert staff, he kicked the door.  Video footage allegedly showed him passing out, falling to the floor, and hitting his head on three separate occasions.  He sustained a contusion in the process.  (*Id*.).

Defendants Hunter, Pinkerton, and Crowsen eventually entered his cell and confirmed that his breathing was labored and he was covered in sweat.  Even so, Defendants Hunter, Pinkerton,

Crowsen, Reynolds, and Doe failed to treat him for heat exhaustion, breathing difficulties, or stomach issues. (*Id*.).

When he again requested grievance forms, Defendants Hunter, Pinkerton, and Crowsen responded with threats. (*Id*. at 5). Hunter even warned Plaintiff, "If you do not shut your mouth about f**king grievances and complaining, I am personally going to come in your cell and shut you up for good." (*Id*.).

Plaintiff claims that all defendants violated his rights under the Fourteenth or Eighth Amendment, and the Jail breached its contractual duty of care to him. (Doc. 7).

### **Preliminary Dismissal**

Defendant Benny Vic appears in the case caption and/or list of defendants, but Plaintiff sets forth no allegations against him in the First Amended Complaint. Merely naming a defendant in the caption is not enough to articulate a claim against that person. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). To satisfy Federal Rule of Civil Procedure 8 and the pleading standards described in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), Plaintiff must set forth allegations that state a plausible claim against the defendant. Failure to do so warrants dismissal. *See Twombly*, 550 U.S. at 570 (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). In this case, Plaintiff includes no allegations against Sheriff Vic, and he cannot pursue relief against this defendant under Section 1983 based only on his supervisory position because the doctrine of *respondeat superior* is inapplicable in this context. Having failed to describe what the sheriff did, or failed to do, to violate Plaintiff's rights, the Court deems it necessary to dismiss Sheriff Benny Vic without prejudice at screening.

## Discussion

Based on the allegations, the Court finds it convenient to designate the following claims against the remaining defendants in the *pro se* First Amended Complaint:

**Count 1:** Fourteenth or Eighth Amendment claim against Defendants Reynolds and Doe for denying Plaintiff an inhaler for restrictive airway disease and a low bunk pass for lingering musculoskeletal injuries at the Jail in 2021.

**Count 2:** First Amendment retaliation claim against Defendants Reynolds and Doe for responding to Plaintiff's request for access to the electronic kiosk or paper forms used to file grievances by placing Plaintiff in the "hole" in May 2021.

**Count 3:** Fourteenth or Eighth Amendment claim against Defendants Reynolds, Doe, Hunter, Pinkerton, and Crowsen for subjecting Plaintiff to unconstitutional conditions of confinement in the "hole," by subjecting him to high temperatures, no air conditioning, and poor ventilation in May 2021.

**Count 4:** Fourteenth or Eighth Amendment claim against Defendants Reynolds, Doe, Hunter, Pinkerton, and Crowsen for failing to treat Plaintiff for symptoms of heat exhaustion that included difficulty breathing and stomach problems in May 2021.

**Count 5:** First Amendment retaliation claim against Defendants Hunter, Pinkerton, and Crowsen for threatening Plaintiff when he requested access to the kiosk and grievance forms in order to file a complaint about his conditions of confinement in the "hole" and his untreated heat exhaustion in May 2021.

**Count 6:** Illinois negligence claim against the Jail for breaching its contractual duty of care to Plaintiff at the Jail in 2021.

**Any claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

### Counts 1, 3, and 4

The applicable legal standard for Counts 1, 3, and 4 depends on Plaintiff's status as a pretrial detainee or convicted prisoner when each claim arose. If he was a pretrial detainee, the

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Fourteenth Amendment objective unreasonableness standard articulated in *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018), applies to his claims. Under this standard, the Court first considers whether the "defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's] case." *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted). The Court also asks "whether the challenged conduct was objectively reasonable" based on "the totality of the facts and circumstances" faced by the defendant. *Id*.

If he was a convicted prisoner, the Eighth Amendment prohibition against cruel and unusual punishment controls his claims. *Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). In order to state a claim under the Eighth Amendment, Plaintiff must set forth factual allegations suggesting that he suffered from a sufficiently serious condition, from an objective standpoint, and that each defendant responded with deliberate indifference, from a subjective standpoint. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008).

Regardless of the standard, Count 1 survives screening against Nurse Reynolds and Dr. Doe for denying Plaintiff's requests for his inhaler and low bunk pass, resulting in difficulty breathing and injury from a fall. Count 3 survives screening against Defendants Reynolds, Doe, Hunter, Pinkerton, and Crowsen for subjecting Plaintiff to unconstitutional conditions of confinement in the "hole" and causing him to suffer one or more asthma attacks and heat exhaustion in May 2021. Finally, Count 4 shall proceed against these same defendants for refusing to treat Plaintiff for symptoms of asthma and/or heat exhaustion.

### Counts 2 and 5

Plaintiff brings two separate retaliation claims in Counts 2 and 5 against defendants who took adverse action against him when he requested access to the kiosk and grievance forms. An

inmate has a First Amendment right to file grievances and lawsuits to complain about the conditions of his confinement. *Watkins v. Kasper,* 599 F.3d 791, 798 (7th Cir. 2010). "An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000). To prevail on a retaliation claim, an inmate must show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell,* 756 F.3d 983, 996 (7th Cir. 2014) (citations omitted).

In Count 2, Plaintiff alleges that Nurse Reynolds and Dr. Doe responded to his request for grievance forms and kiosk access by transferring him to the "hole" and subjecting him to excessive heat without air conditioning or ventilation. Count 2 shall receive further review against both defendants.

In Count 5, Plaintiff alleges that Defendants Hunter, Pinkerton, and Crowsen threatened him when he renewed his request for access to the kiosk and grievance forms to file complaints about his placement in the "hole" and untreated heat exhaustion in May 2021. But the only actual threat he cites is Hunter's threat to enter Plaintiff's "cell and shut [him] up for good." (Doc. 7, p. 5). These allegations are sufficient to show Hunter took action to deter a reasonable person from engaging in protected speech, so Count 5 will proceed against Hunter. However, the vague allegations against Pinkerton and Crowsen do not support a claim against either one at screening and shall be dismissed without prejudice.

**Count 6**

The state law claim against Williamson County Jail does not survive screening. For one thing, it is unclear whether Plaintiff seeks to bring this claim under contract or tort law. Either

way, his allegation that the Jail breached the contractual duty of care to Plaintiff is threadbare and undeveloped. Count 6 shall therefore be dismissed without prejudice for failure to state a claim.

Moreover, the Jail is not a person subject to suit under Section 1983 or Illinois law. Federal Rule of Civil Procedure 17(b) requires that the defendant in a federal lawsuit be an established entity. Federal courts look to state law when determining whether an entity has the legal capacity to be sued under Rule 17(b). In Illinois, the defendant must have a legal existence. *Jackson v. Village of Rosemont*, 536 N.E.2d 720, 723 (Ill. App. 1988). However, Illinois courts have not recognized sheriff's offices, police departments, or jails as legal entities. *West by and through Norris v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997); *Magnuson v. Cassarella*, 812 F. Supp. 2d 824, 827 (N.D. Ill. 1992). Therefore, Williamson County Jail shall be dismissed with prejudice from this action.

### Identification of Dr. John Doe

Plaintiff shall be allowed to proceed with Counts 1, 2, 3, and 4 against Dr. John Doe. However, this defendant must be identified with particularity before service of the First Amended Complaint can be made on this individual. Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of this defendant. *Rodriguez*, 577 F.3d at 832. Nurse Reynolds shall remain named as a defendant, in her official capacity, for purposes of identifying the unknown defendant by name. Once the name of Dr. John Doe is discovered, Plaintiff must file a motion to substitute the newly-identified defendant in place of the generic designation(s) in the caption and through the First Amended Complaint.

### Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 7) survives screening, as follows: **COUNTS 1** and **2** against Defendants **MARILYN REYNOLDS** and **DR. JOHN DOE; COUNTS 3** and **4** against Defendants **MARILYN REYNOLDS, DR. JOHN DOE, TODD**

HUNTER, DENNIS PINKERTON,** and **SERGEANT CROWSEN;** and **COUNT 5** against Defendant **TODD HUNTER. Because one or more of these claims involve the alleged denial of medical care, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

The following claims are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted against the below-listed defendants: **COUNT 5** against **DENNIS PINKERTON** and **SERGEANT CROWSEN**; **COUNT 6** against **WILLIAMSON COUNTY JAIL**; and The **OFFICIAL CAPACITIY CLAIMS** and requests for injunctive relief against **ALL DEFENDANTS**. However, Nurse Reynolds shall remain named in her official capacity for the sole purpose of identifying Dr. John Doe with particularity.

Moreover, **WILLIAMSON COUNTY JAIL** is **DISMISSED** with prejudice, and **BENNY VIC** is **DISMISSED** without prejudice because the First Amended Complaint fails to state a claim upon which relief may be granted against them. **The Clerk's Office is DIRECTED to TERMINATE the WILLIAMSON COUNTY JAIL and BENNY VIC in CM/ECF**.

The Clerk of Court shall prepare for Defendants **DR. JOHN DOE** (once identified), **MARILYN REYNOLDS** (individual and official capacity), **TODD HUNTER** (individual capacity), **DENNIS PINKERTON** (individual capacity), and **SERGEANT CROWSEN** (individual capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 7), and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the

Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint (Doc. 7) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 7/12/2022**

                                                s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.