## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DUSTIN R. GRIZZELL, #17994-509,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 22-cv-00300-JPG** |
| | ) | |
| **TODD HUNTER,** | ) | |
| **DENNIS PINKERTON,** | ) | |
| **SERGEANT CROWSEN,** | ) | |
| **DR. JOHN DOE, and** | ) | |
| **MARILYN REYNOLDS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for a decision on a Joint Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Todd Hunter, Dennis Pinkerton, Sergeant Crowsen, and Marilyn Reynolds on December 30, 2022 (Doc. 45); Motion to Enforce Court Order and Dismiss for Lack of Prosecution filed by Marilyn Reynolds on March 27, 2023 (Doc. 50); and dismissal of the unidentified defendant, Dr. John Doe (Docs. 36, 44). Plaintiff Dustin Grizzell filed no response in opposition to these motions or related Orders to Show Cause why they should not be granted (*see* Docs. 44, 48). For the reasons set forth herein, this action shall be **DISMISSED without prejudice**.

### BACKGROUND

Plaintiff Dustin Grizzell filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 on February 22, 2022. (Doc. 1). In the First Amended Complaint, Grizzell alleged deprivations of his rights under federal and state law while housed at Williamson County Jail. (Doc. 7). Grizzell suffers from restrictive airway disease, necessitating the use of an inhaler, and lingering

musculoskeletal injuries, requiring a low bunk permit.  (*Id*. at 4).  In retaliation for requesting his inhaler and low bunk pass, Grizzell alleges that he was placed in the "hole" where he suffered from heat exhaustion and an asthma attack.  (*Id*. at 1-11).  He brings claims against the defendants under the Fourteenth and/or Eighth Amendment and Illinois law.  (*Id*.).

Following screening of this matter under 28 U.S.C. § 1915A, Grizzell was allowed to proceed with the following claims:

| | |
|---|---|
| **Count 1:** | Fourteenth or Eighth Amendment claim against Nurse Reynolds and Dr. Doe for denying Grizzell an inhaler for restrictive airway disease and a low bunk pass for musculoskeletal injuries at the Jail in 2021. |
| **Count 2:** | First Amendment retaliation claim against Nurse Reynolds and Dr. Doe for responding to Grizzell's request for access to the electronic kiosk or paper forms used to file grievances by placing Grizzell in the "hole" in May 2021. |
| **Count 3:** | Fourteenth or Eighth Amendment claim against Nurse Reynolds, Dr. Doe, Chief Hunter, Lieutenant Pinkerton, and Sergeant Crowsen for subjecting Grizzell to unconstitutional conditions of confinement in the "hole," by subjecting him to high temperatures, no air conditioning, and poor ventilation in May 2021. |
| **Count 4:** | Fourteenth or Eighth Amendment claim against Nurse Reynolds, Dr. Doe, Chief Hunter, Lieutenant Pinkerton, and Sergeant Crowsen for failing to treat Grizzell's symptoms of heat exhaustion, difficulty breathing, and stomach problems in May 2021. |
| **Count 5:** | First Amendment retaliation claim against Chief Hunter for threatening Grizzell when he requested access to the kiosk and grievance forms to complain about his conditions of confinement in the "hole" and his untreated heat exhaustion in May 2021. |

(*See* Doc. 15).  The Court dismissed the only other claim in the First Amended Complaint pursuant to 28 U.S.C. § 1915A, *i.e.*, Count 6, an Illinois negligence claim against the Jail for breaching its contractual duty of care to Grizzell at the Jail in 2021.

## MOTION FOR SUMMARY JUDGMENT

On December 30, 2022, Defendants filed a motion for summary judgment seeking dismissal of all claims based on Grizzell's failure to exhaust his available administrative remedies in compliance with the Prison Litigation Reform Act ("PLRA") before bringing suit.  (Docs. 45-46).  According to the defendants, Grizzell was punished for a rule violation with a 30-day lockdown in Cell 202 of D Pod from May 5, 2021 to June 4, 2021.  (Doc. 46, ¶¶ 3-9).  D Pod had a dayroom containing four electronic kiosks and four telephones that inmates could access daily. (*Id*. at ¶ 12).  Inmates on lockdown were allowed out of their cells for one hour each day and could use the kiosks to file electronic grievances[1] and also use the telephones to make personal calls. (*Id*. at ¶¶ 3, 10).  Grizzell made thirty phone calls during the relevant time period.  (*Id*. at ¶ 13). However, he filed no grievances.  (*Id*. at ¶ 16).  Because he took no steps to exhaust his available administrative remedies before bringing suit, the defendants seek summary judgment in their favor and dismissal of all five claims.  (Docs. 45-46).

## RESPONSE

Grizzell did not respond to the motion.  This was despite the Court's entry of a Rule 56 Notice (Doc. 47) warning him that the proposed findings of fact would be deemed admitted and the motion granted, if he did not respond by January 30, 2023.  (*Id*.).  When the deadline passed, the Court entered the following Order to Show Cause:

> ORDER TO SHOW CAUSE: Plaintiff failed to file a response in opposition to the 45 Joint Motion for Summary Judgment on Exhaustion of Administrative Remedies of Defendants by Crowsen, Hunter, Pinkerton by the deadline of January 30, 2023. He also failed to request an extension of this deadline before it expired or at any time since, in disregard of the 47 Rule 56 Notice warning the plaintiff of the consequences of failing to respond to the

---

[1] The Jail required use of kiosks to submit electronic grievances from May 2021 until October 1, 2021. During its transition to paper-only grievances in August and September 2021, the Jail accepted both electronic *and* paper grievances.  Beginning on October 1, 2021, the Jail accepted paper grievances exclusively.  (Doc. 46-2, ¶ 6).

pending motion. According to the 47 Rule 56 Notice, the Court may consider any uncontested factual assertion undisputed for purposes of the motion and also grant summary judgment if the materials on file show that the moving party is entitled to it. See FED. R. CIV. P. 56(e)(2)-(3). This Court's local rules provide that the Court may, in its discretion, construe a party's failure to file a timely response to a motion for summary judgment as an admission of the merits of the motion. SDIL-LR 7.1(c). The Court hereby ORDERS Plaintiff to SHOW CAUSE on or before March 21, 2023, why the Court should not construe his failure to timely respond to the pending summary judgment motion as a decision not to contest the facts presented in the motion and/or an admission of the merits of the motion and grant summary judgment for the defendants. Plaintiff is WARNED that failure to either file a response to this Order to Show Cause or file a response to the pending motion for summary judgment by this deadline shall result in dismissal of this action for failure to comply with a court order, for lack of prosecution under FED. R. CIV. P. 41(b), and pursuant to the Court's inherent authority to manage its docket. *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

(Doc. 48).  Grizzell did not respond to the show cause order by the deadline of March 21, 2023.

## MOTION TO ENFORCE COURT ORDER AND/OR DISMISS ACTION

On March 27, 2023, Nurse Reynolds filed a Motion to Enforce Court Order and/or Dismiss for Lack of Prosecution.  (Doc. 50).  She requested an order granting summary judgment and dismissing this action with prejudice based on Grizzell's failure to file a response in opposition to summary judgment, respond to the related show cause order, or otherwise litigate his claims.  (*Id.*). Grizzell did not respond.  The Court has heard nothing from him since June 13, 2022.  (Doc. 13).

## DISCUSSION

### A.    Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA") provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies.  *See* 42 U.S.C. § 1997e(a).  "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011).  To exhaust administrative remedies properly, a prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286

4

F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Exhaustion is a precondition to suit. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

## B.   Summary Judgment Standard

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *See Celotex*, 477 U.S. at 323. Where there are contested issues of fact regarding a prisoner's efforts to exhaust, the Seventh Circuit has instructed courts to conduct an evidentiary hearing to resolve the contested issues. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). After hearing evidence, finding facts, and determining credibility, the court must decide whether to allow the claim to proceed or to dismiss it for failure to exhaust. *See Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) (citing *Pavey*, 544 F.3d at 742).

Where a party fails to properly address another party's assertion of fact, the Court may consider the fact undisputed for purposes of the motion. *See* FED. R. CIV. P. 56(e). Local Rule 7.1(c) further provides that a party's "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." *See* SDIL-Local Rule 7.1(c). But, even where a nonmovant fails to respond to a motion for summary judgment, the movant still must demonstrate that summary judgment is proper given the undisputed facts. *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021).

C.     **Analysis**

The Court deems Grizzell's failure to respond to the summary judgment motion as an admission that there are no disputed material facts in the defendants' motion.  *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995).  The Court accepts the defendants' proposed facts as true.  *See* FED. R. CIV. P. 56(e).  And, when construing them in the light most favorable to Grizzell, the Court finds that the defendants are entitled to summary judgment.  *See Robinson v. Waterman*, 1 F.4th at 483.  Grizzell had daily access to the kiosks used to file grievances during the relevant time period (May 5, 2021 to June 4, 2021).  The four kiosks were located beside four telephones.  He used the phones an average of once per day during the relevant time period.  However, he did not use the kiosks to file any grievances about the issues in this case on or after May 2021.  Grizzell failed to initiate the grievance process altogether.

Grizzell also failed to prosecute his claims in this case.  He did not oppose summary judgment.  He did not respond to the related show cause order.  (Doc. 48).  He did not identify the unknown defendant (Dr. Coe).  (Doc. 36).  And, he failed to respond to the related show cause order.  (Doc. 44).  He has taken no steps to move this case forward in the past year.  (Doc. 13).

Given this, the defendants' motion for summary judgment and Nurse Reynold's related motion seeking enforcement of the Court's Rule 56 Order and/or dismissal of this action for lack of prosecution shall be **GRANTED**.  All claims against the defendants shall be **DISMISSED without prejudice**.  Because Grizzell took no steps to substitute a named defendant in place of Dr. John Doe or respond to the related show cause order, this defendant shall also be **DISMISSED without prejudice**.

<u>DISPOSITION</u>

**IT IS ORDERED** that the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Todd Hunter, Dennis Pinkerton, Sergeant Crowsen, and Marilyn Reynolds (Doc. 45) is **GRANTED**. The Motion to Enforce Court Order and Dismiss for Lack of Prosecution filed by Nurse Marilyn Reynolds (Doc. 50) is **GRANTED**.  This entire action, including **COUNTS 1 through 5** against **ALL DEFENDANTS**, is **DISMISSED** without prejudice for lack of compliance with the Prison Litigation Reform Act's exhaustion requirement, failure to comply with Court Orders (Docs. 44, 47, and 48), and failure to prosecute his claims. *See* FED. R. CIV. P. 41.

If Grizzell wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. APP. P. (4)(a)(1)(B).  If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999).  He must list each of the issues he intends to appeal in the notice of appeal.  Moreover, if the appeal is found to be nonmeritorious, he may incur a "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 6/15/2023**                    s/J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **United States District Judge**